```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

JAMES T. CALDWELL,               *

    Plaintiff,                  *

vs.                              *
                                  CASE NO. 4:20-CV-148(CDL)

BROADVIEW SFGA ACQUISITIONS    *
LLC,
                             *

    Defendant.
                             *

## O R D E R

Plaintiff was injured when a branch from Defendant's tree fell on him. Plaintiff argues that the tree was diseased and that Defendant, as the tree's owner, had a duty to protect him from the tree's falling limbs. Defendant moves for summary judgment, arguing that it owed no duty to protect Plaintiff from the falling limbs because it was unaware of the tree's alleged dangerous condition. Because Plaintiff has failed to present any evidence from which a reasonable jury could conclude that Defendant was aware of the tree's alleged hazardous condition, the Court grants Defendant's motion for summary judgment (ECF No. 14).

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material*

1

fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiff, the record reveals the following facts.  Plaintiff is an employee of Georgia Power Company.  While Plaintiff was repairing downed power lines, a tree branch fell on him.  Defendant owned the residential rental property where the tree was located.  Defendant acknowledges it had a duty to maintain the trees on the property.  Defendant's property manager testified that the trees on the property were visually inspected and that she thought the trees "weren't unhealthy."  Def.'s Ex. B, Cain Dep. 35:15-22, ECF No. 16-2.  Heavy vine growth grew high into the tree, but the property manager, while admittedly "not an arborist," concluded they did not cause a problem to the tree's health.  *Id.* at 33:16-34:17.

Plaintiff contends that dense foliage obscured the tree's trunk and limbs before the limb fell.  Pl's Resp. to Def.'s Mot. for Summ. J. Exs. D-1, D-2, D-3, Photographs of Tree, ECF Nos. 18-

2

7, 18-8, 18-9. Plaintiff testified that the vegetation around the tree was "real thick" with "a lot of vines," making it "hard to see" the body of the tree. Caldwell Dep. 47:10-15, ECF No. 16-3. After the limb fell, a cavity appeared where the limb had joined the trunk, which indicated tree deterioration, perhaps from rot. Pl.'s Aff. 1-2, ECF No. 18-6.

DISCUSSION

Under Georgia law, a landowner who knows or reasonably should know that a tree is "diseased, decayed or otherwise" dangerous has a duty to remove the danger. *Willis v. Maloof*, 361 S.E.2d 512, 513 (Ga. Ct. App. 1987); *Cornett v. Agee*, 237 S.E.2d 522, 523 (Ga. Ct. App. 1977) (describing the landowner's duty to "eliminate the danger"). If the landowner fails to do so, he is liable for damages caused by the tree's fall. *Willis*, 361 S.E.2d at 513 (applying "the ordinary rules of negligence" to defective tree liability). There is no duty to routinely inspect trees for non-visible damage, but a landowner must inspect trees with "visible, apparent, and patent" decay. *Wesleyan Coll. v. Weber*, 517 S.E.2d 813, 817 (Ga. Ct. App. 1999); *accord Cornett*, 237 S.E.2d at 524 (limiting liability for decayed tree damage to "patent visible decay"). A landowner is not liable for damage caused by a tree without patent visible decay. *Klein v. Weaver*, 593 S.E.2d 913, 914-15 (Ga. Ct. App. 2004) (declining to hold a landowner liable for tree decay when the only notice of a dangerous condition was

3

about other, non-decay defects); *Wade v. Howard*, 499 S.E.2d 652, 655-56 (Ga. Ct. App. 1998) (affirming a grant of summary judgment for landowner's executor where the plaintiff failed to show patent visible decay). Dense vegetation around the tree may render tree disease not patently visible. *Wade*, 499 S.E.2d at 655 (stating plaintiffs failed to prove patent visible decay because "heavy undergrowth and vines" concealed decay from view). Whether a tree has patent visible decay is judged from the perspective of a layman, not an expert arborist. *Willis*, 361 S.E.2d at 514. So, a landowner is charged with knowledge of a tree's dangerous condition "if a layperson should have known the tree was diseased." *City of Fitzgerald v. Caruthers*, 774 S.E.2d 777, 780 (Ga. Ct. App. 2015).

Here, Plaintiff did not point to any evidence that Defendant's tree had patent visible decay before Plaintiff's injury. Defendant's property manager, a layperson on tree issues, observed no symptoms of tree disease or decay prior to the accident. Plaintiff conceded that he did not see any visible damage on the tree until after the limb fell and revealed a cavity. Pl.'s Aff. at 1-2. And Plaintiff has pointed the Court to no applicable precedent suggesting that Defendant had a duty to remove vines to discover non-visible defects. To the contrary, at least one Georgia case suggests that a landowner has no liability where dense vines conceal tree defects and there is no other evidence of

4

visible decay. *Wade*, 499 S.E.2d at 655. While landowners may be liable for damage to a third party caused by a tree that the landowner knew or should have known was hazardous, Plaintiff has pointed the Court to no such evidence here. Thus, Plaintiff's claims against the Defendant as the owner of the tree must fail.

To the extent that Plaintiff asserts separate and independent negligence claims based upon Defendant's lack of inspection or inadequate maintenance of the tree, Georgia law also forecloses those claims. Georgia law makes it clear that, under the circumstances presented here, Defendant had no affirmative duty to inspect or maintain the tree for decay absent some knowledge that the tree was visibly diseased and/or otherwise hazardous. *Cornett*, 237 S.E.2d at 524 (stating "there is no duty to consistently and constantly check all . . . trees for non-visible" defects); *Willis*, 361 S.E.2d at 513 (recognizing "a duty to maintain the tree and take reasonable steps to guard against any hazardous condition the tree may pose" but finding a breach of this duty "only if [the landowner] knew or reasonably should have known the tree was diseased, decayed or otherwise constituted a dangerous condition"); *Weber*, 517 S.E.2d at 817-18 (establishing a duty to inspect a tree only after evidence of patent visible decay gave "notice of a hazardous condition on [the landowner's] property"); *Caruthers*, 774 S.E.2d at 780 ("With regard to liability for a decaying tree, . . . there is no duty to routinely inspect trees

5

for non-visible rot[.]"). Whether Plaintiff labels his cause of action as one for general negligence, landowner liability, negligent inspection or negligent maintenance does not matter. Without evidence of actual or constructive knowledge of the hazardous condition, Plaintiff's claims fail and Defendant is entitled to summary judgment.

CONCLUSION

Because Plaintiff has failed to present sufficient evidence to create a genuine fact dispute regarding Defendant's notice of the tree's hazardous condition, Defendant's motion for summary judgment (ECF No. 14) is granted.

IT IS SO ORDERED, this 20th day of January, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
